**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10625 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00212-DCB-BPV-3 |
| v. | |
| ANDREW BEARDALL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted November 5, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Andrew Beardall appeals the district court's denial of his petition for

attorney fees under the Hyde Amendment, 18 U.S.C. § 3006A Note.  We affirm.

The parties are familiar with the facts.  Beardall and several other defendants

were charged with various counts relating to public corruption.  Beardall was

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

represented by Mayer Brown LLP serving *pro bono*. Over the course of the prosecution, the court dismissed one of the charges and granted acquittal with regard to one object offense for the conspiracy charge; a jury acquitted Beardall of the remainder of the counts.

Beardall argues that he is entitled to attorney fees because the government's position was vexatious, frivolous, or in bad faith. 18 U.S.C. § 3006A Note.

Vexatiousness requires two components, *United States v. Sherburne*: (1) maliciousness or an intent to harass, and (2) a suit that is objectively deficient: lacking probable cause. 249 F.3d 1121, 1126-27 (9th Cir. 2001). Frivolousness is closely-related: "groundless…with little prospect of success; often brought to embarrass or annoy the defendant." *United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir. 2002) (quoting *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999)). We find no clear error in the district court's ruling that the government's position was neither vexatious nor frivolous.

Bad faith "is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) (alteration in original) (quoting *Gilbert*, 198 F.3d at 1299). Beardall cites two

2

instances that he claims are evidence of bad faith. First, the government initially failed to turn over impeachment documents. But Beardall's counsel conceded that the act was not intentional. A lack of care does not indicate bad faith. *Id.* at 1185-86. Second, the government pressured a cooperating witness to help identify non-privileged communications. No authority stamps such action as bad faith.

Beardall presents a variety of arguments, but none is persuasive. The district court did not abuse its discretion in finding that the government's prosecution was simply unsuccessful; there was substantial evidence presented against Beardall relevant to the charges of insurance fraud. The government's case was not frivolous, vexatious, or pursued in bad faith.

We do not reach the broader question of whether attorney fees are ever allowable for *pro bono* counsel under the Hyde Amendment.

AFFIRMED.